# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GEORGE R. CARTER, BAR NO. 169.

No. 77198

FILED

JAN 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney George R. Carter for one year, to run consecutive to his four-year suspension, *In re Discipline of Carter*, Docket No. 70907 (Order of Suspension, May 18, 2017), for violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.15 (safekeeping property); and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Carter committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hill Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

19-01886

Carter stipulated to the facts that demonstrate he committed the above-listed violations. Carter turned over proceeds from two personal injury clients' settlements to a nonlawyer assistant who was tasked with negotiating and paying the liens on those proceeds, but the nonlawyer failed to do so. As to the first client, after agreeing to the conditional guilty plea agreement that led to Carter's suspension in Docket No. 70907, but before this court approved that agreement, Carter once again turned over proceeds to the nonlawyer assistant to negotiate and pay the liens on those proceeds, despite the fact Carter had acknowledged he should not have done so previously in the guilty plea that led to the suspension in Docket No. 70907. In that instance, the nonlawyer assistant failed to negotiate or pay Carter's client's $12,500 medical lien. As to the second client, Carter gave the nonlawyer proceeds from the settlement for the same purpose but the nonlawyer failed to negotiate or pay Carter's client's $16,000 medical lien.[1]

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124, Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

---

[1]The misconduct as to the second client occurred before Carter signed the conditional guilty plea agreement in Docket No. 70907, but that grievance was not considered in the prior disciplinary proceedings.

Carter violated duties owed to his clients (competence, diligence, and safekeeping property) and the profession (misconduct). Carter's misconduct injured his clients because their medical lienholders were never paid. Carter's mental state was knowing because he should have known not to provide money to a nonlawyer to negotiate with a client's lienholders. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's finding of the six aggravating circumstances (prior discipline, dishonest or selfish motive, pattern of misconduct, multiple offenses, substantial experience in the practice of law, and indifference to making restitution) and one mitigating circumstance (full and free disclosure to the disciplinary authority or cooperative attitude toward the proceeding). Thus, considering all of the factors, we conclude that a suspension is warranted.

Accordingly, we hereby suspend George R. Carter from the practice of law in Nevada for a period of one year, to run consecutive to the four-year suspension in Docket No. 70907. Carter's reinstatement will be conditioned upon his repayment of restitution of $12,500 to Alfredo Torres

and $16,000 to Sandra Jimenez. Further, he shall pay the actual costs of the disciplinary proceedings, including $2,500 under SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Chair, Southern Nevada Disciplinary Board
George R. Carter & Associates
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court